**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOBBY DEANDRE DAVIS-BEY,

      Plaintiff,              CIVIL ACTION NO. 16-cv-11707

   v.                             DISTRICT JUDGE JUDITH E. LEVY

CITY OF WARREN, JAY ALLOR,     MAGISTRATE JUDGE MONA K. MAJZOUB
and MIREK SKOMSKI,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Bobby DeAndre Davis-Bey filed this *pro se* civil rights complaint against the City of Warren and two City of Warren police officers, Mirek Skomski and Jay Allor, on May 12, 2016. (Docket no. 1.) He claims that on March 26, 2016, he was "falsely arrested and imprisoned for video[taping] Police Behavior," and that Defendants are liable under 42 U.S.C. § 1983.[1] (*Id.* at 4.) Before the Court is Plaintiff's Motion to Dismiss for Lack and Want of Jurisdiction and Change of Venue, through which Plaintiff asks this Court to dismiss the criminal matter pending against him in Macomb County arising out of the same incident.[2] (Docket no. 18.) Defendants filed a Combined Response to Plaintiff's Motion and Motion to Strike (docket no. 20), and Plaintiff filed a reply/response (docket no. 22.) Defendants then filed a Reply in Support of their Motion to Strike. (Docket no. 23.) This action has been referred to the

---

[1] He also alleges the Officer Defendants are liable under 18 U.S.C. § 241 & 241 (criminal statutes prohibiting violations of civil rights); and 28 U.S.C. § 1441, regarding removal of civil actions from state court. (*See* docket no. 1 at 4.)

[2] Also before the Court is Defendants' Motion to Compel Discovery (docket no. 24), and Plaintiff's Motion for the Court to Appoint Expert Witnesses (docket no. 32), which the Court will address in a separate opinion and order.

undersigned for all pretrial proceedings. (Docket no. 12.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion to Dismiss [18] be **DENIED**. Defendants' Motion to Strike [20] should therefore also be **DENIED** as moot.[3]

## II. REPORT

### A. Background & Analysis

On March 26, 2016, Plaintiff was arrested and charged with disorderly conduct and disobeying a lawful command, outside of a business in Warren, Michigan. (Docket no. 22 at 24.) He filed the instant civil rights complaint on May 12, 2016. (Docket no. 1.) He seeks $500,000 in "compensatory damages" from each of the Defendants. (*Id.* at 2.) He also asks the Court to "enlist all of my substantive rights and constitutionally secured rights are not violated [sic], breached or abridged. Due Process as protected by the 1st, 4th, 5th, 9th, United Nations Declaration of Human Rights, Human Trafficking, False Arrest and Imprisonment," and that "All city officials be informed of the law of the land and their obligation to uphold their Oath of Office." (*Id.*)

Through his Motion, Plaintiff seeks dismissal or removal of the criminal proceedings pending against him in state court, seemingly in order to consolidate the criminal proceedings with the instant federal civil case. (*Id.* at 1.) He cites a number of statutes which apply only to

---

[3] The undersigned notes that Defendants improperly combined their Motion to Strike with their Response to Plaintiff's Motion to Dismiss, in violation of Eastern District of Michigan ECF Policies and Procedures Rule 5(e), which provides that a "response or reply to a motion must not be combined with a counter-motion." The undersigned has nevertheless considered Defendants' Response in issuing this Report and Recommendation.

civil actions, including Michigan Court Rule 2.504(A) (voluntary dismissal of civil actions); 28 U.S.C. § 1404 (change of venue for pending federal civil actions); 28 U.S.C. § 1441(b) (removal of state civil actions based on diversity); and 28 U.S.C. § 1446(c)(1) ("Procedure for removal of civil actions").  He also cites 28 U.S.C. § 1443, which does "allow for the removal of criminal prosecutions from state court," but "removal is permitted only [when] a person . . . cannot enforce his or her civil rights in state court." *Mosson v. Wayne Cnty. Prosecutor's Office*, No. 13-13771, 2014 WL 186095, at *3 (E.D. Mich.  Jan. 14, 2014) (citing 28 U.S.C. § 1443). "'[T]he right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality' and 'the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question.'"  *Noble v. Wayne Cnty. Prosecutor's Office*, No. 14-11033, 2014 WL 1515788, at *2 (E.D. Mich. Apr. 18, 2014) (quoting *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989)). "There is a strong presumption against removal jurisdiction." *Id.* (citations omitted).

Plaintiff contends that his federal civil rights will not be protected in the state court criminal case because "he cannot receive justice in a city with an all-white jury where persons on [sic] nonwhite nationalities are routinely set upon by the police department and sanctioned by the Court."  (Docket no. 18 at 4.)  He also makes a number of seemingly unrelated allegations related to his driver's license and his identity as a Moorish American Moslem.[4]

---

[4] For example, Docket no. 18 at 6:

> 4.)    Under the Laws of the Moorish Americans, the Name Black is a name given to slave[s] by slaveholders, in the Southern States of the United States.  The Moorish Americans consider the Term Black as it relates to a People, is a Mark or Badge of Slavery, of which no free person can be compelled to bear.
>
> 5.)    The enforcement of the requirement of a Moorish American to acquire in MICHIGAN STATE IDENTIFICATION or DRIVERS LICENSE is violative of the Rights of a Moorish Americans [sic] Human Rights . . . as the STATES use such

Plaintiff's request for consolidation of this federal civil rights case with his state court disorderly conduct case by motion to dismiss is procedurally improper. Moreover, Plaintiff presents no credible evidence or persuasive argument to support his claim that the jury and judge in his criminal case will not be impartial to him based on his race, nationality, or religion. "The fact that Plaintiff may be a minority does not necessarily mean he will not have an impartial jury or a fair trial or that he cannot enforce his right to equal protection of the law in state court." *Mosson*, 2014 WL 186095, at *3; *see also Noble*, 2014 WL 1415788, at *3 (removal improper "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that [federal] rights will inevitably be denied by the very act of bringing the defendant to trial in the state court" (internal quotation and citations omitted)). Plaintiff's request for consolidation and dismissal of his state court case should therefore be denied.

Through the Motion, Plaintiff asks for a number of other forms of injunctive relief, including the return of his cell phone which was apparently confiscated during his arrest, and the "expungement of the fiction of Bobby DeAndre Davis-Bey . . . from the state file as a citizen of the People of the State of Michigan." (Docket no. 18 at 9.) Defendants point out that these requests appear to be in the form of a dispositive motion, although Plaintiff does not actually seek this relief in his Complaint and he does not cite any appropriate authority in the Motion. The Court should deny these requests due to these deficiencies.

**B.     Conclusion**

---

information to perfect a system of classification, wherein the Moorish American is listed as "BLACKS."

For the reasons stated above, the undersigned recommends that Plaintiff's Motion to Dismiss [18] be **DENIED**.  Defendants' Motion to Strike [20] should therefore also be **DENIED** as moot.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 4, 2017          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 4, 2017          s/ Lisa C. Bartlett
                                        Case Manager