UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY DEANDRE DAVIS-BEY,

       Plaintiff,                      CIVIL ACTION NO. 16-cv-11707

  v.                                DISTRICT JUDGE JUDITH E. LEVY

CITY OF WARREN, JAY ALLOR,      MAGISTRATE JUDGE MONA K. MAJZOUB
and MIREK SKOMSKI,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION
TO COMPEL DISCOVERY [24] AND DENYING PLAINTIFF'S MOTION
FOR THE COURT TO APPOINT EXPERT WITNESSES [32]**

Plaintiff Bobby DeAndre Davis-Bey filed this *pro se* civil rights complaint against the City of Warren and two City of Warren police officers, Mirek Skomski and Jay Allor, on May 12, 2016. (Docket no. 1.) He claims that on March 26, 2016, he was "falsely arrested and imprisoned for video[taping] Police Behavior," and that Defendants are liable under 42 U.S.C. § 1983.[1] (*Id.* at 4.) Before the Court are Defendants' Motion to Compel Discovery (docket no. 24), and Plaintiff's Motion for the Court to Appoint Expert Witnesses (docket no. 32).[2] Plaintiff did not respond to Defendants' Motion to Compel; however, the parties did file a Joint Statement of Resolved and Unresolved Issues. (Docket no. 29.) Defendant filed a Response (docket no. 34) to Plaintiff's Motion for the Court to Appoint Expert Witnesses. This action has been

---

[1] He also alleges the Officer Defendants are liable under 18 U.S.C. § 241 & 241 (criminal statutes prohibiting violations of civil rights); and 28 U.S.C. § 1441, regarding removal of civil actions from state court. (*See* docket no. 1 at 4.)

[2] Also pending before the Court is Plaintiff's Motion to Dismiss for Lack and Want of Jurisdiction and Change of Venue (docket no. 18), which the Court has addressed in a concurrently issued Report and Recommendation.

referred to the undersigned for all pretrial proceedings.  (Docket no. 12.)  The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is not ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Background

On March 26, 2016, Plaintiff was arrested and charged with disorderly conduct and disobeying a lawful command, outside of a business in Warren, Michigan.  (Docket no. 22 at 24.)  He filed the instant civil rights complaint on May 12, 2016.  (Docket no. 1.)  He seeks $500,000 in "compensatory damages" from each of the Defendants.  (*Id.* at 2.)  He also asks the Court to "enlist all of my substantive rights and constitutionally secured rights are not violated [sic], breached or abridged.  Due Process as protected by the 1st, 4th, 5th, 9th, United Nations Declaration of Human Rights, Human Trafficking, False Arrest and Imprisonment," and that "All city officials be informed of the law of the land and their obligation to uphold their Oath of Office."  (*Id.*)

### 1.      *Defendants' Motion to Compel Discovery [24]*

Defendants filed a Motion to Compel Discovery on November 21, 2016.  (Docket no. 24.)  In the Motion, they explain that they served Plaintiff with two sets of discovery requests in August 2016.  In September, Plaintiff served Defendants with his answers, and in October, Defendants sent Plaintiff a letter "outlining substantial deficiencies present in Plaintiff's discovery answers."  (Docket no. 24 at 2; docket no. 24-6.)  Defendants requested that Plaintiff supplement his answers, but Plaintiff did not, prompting Defendants to file the instant Motion to Compel.

After Defendants filed the Motion, however, the parties were able to resolve a substantial number of their issues.  On January 19, 2017, the Court entered a Stipulation and Order

reflecting the parties' agreement.  (Docket no. 30.)  Pursuant to the parties' Joint Statement of Resolved and Unresolved Issues, the only remaining disputes concern Defendants' Interrogatories Nos. 7 and 8, which provide:

> 7.   For each contact with any police and/or governmental agency, which resulted, to your knowledge, in the creation, of a police and/or incident report in the past ten (10) years state the nature of the offense and the name of the police or governmental agency involved.  For each state whether you were convicted or found responsible of any crime or offense related to the contact.
>
> 8.   Please identify any written claim or lawsuit that you filed, either by yourself or through an attorney, including the names of the parties, the Court in which the case presided and the outcome.

(Docket no. 29 at 3; docket no. 24-3 at 10.)

Plaintiff did not file a response, rendering Defendants' Motion unopposed.  In their Joint Statement of Resolved and Unresolved Issues (docket no. 29), however, the parties indicate that Plaintiff's position remains the same as he originally stated in response to Defendants' interrogatories.  In response to Interrogatory No. 7, Plaintiff objected "to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence."  (Docket no. 24-4 at 5.)  Plaintiff lodged the same objection to Interrogatory No. 8, but also added that it was "unduly and unnecessarily burdensome to the extent that it seeks information that is [a] matter of public record, already in the Defendants' possession, or otherwise readily available to the Defendants, and, therefore may be accessed and obtained by the Defendants with less burden than the plaintiffs [sic] can identify and provide requested information."  (*Id.*)

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is

3

proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

The Court finds that Plaintiff has failed to show that Defendants' interrogatories are unduly burdensome or overbroad or that the information Defendants seek is not relevant to this

lawsuit. He presents no real argument or explanation as to why the requests are irrelevant; and indeed, Plaintiff's past contact with the police or lawsuits could be relevant in Plaintiff's current civil rights lawsuit. Plaintiff's argument regarding Interrogatory No. 8, that Defendants could search public records to identify all of the lawsuits he has filed in the past and therefore Defendants should be required to do so, also fails. Clearly, the burden is less for Plaintiff to list all of the lawsuits he has filed, identifying the parties and the various courts in which each suit is/was filed, than it would be for Defendants to search court records in every county and federal district court to determine whether Plaintiff has filed a lawsuit there. The Court will order Plaintiff to answer both of these interrogatories.

Defendants request payment of costs and attorney fees incurred in filing their Motion. (*See* docket no. 24 at 7.) Plaintiff is proceeding *pro se* and *in forma pauperis* (docket no. 4), and Plaintiff has made some effort to cooperate in discovery. The Court therefore finds that an award to Defendants of costs and attorney fees incurred in the filing of the Motion to Compel would be unjust. Plaintiff is advised, however, that any further failure to comply with discovery—for example, by not complying with this Order in a timely fashion thereby forcing Defendants to seek further assistance from the Court—could result in sanctions.

    2.    *Plaintiff's Motion for the Court to Appoint Expert Witnesses [32]*

Through his Motion, and citing Federal Rule of Evidence 706,[3] Plaintiff asks the Court to "appoint an expert concerning the matters of Recording the Police in Michigan, and Disorderly Conduct . . . in preparation for trial and pursuant to the court rules." (Docket no. 32 at 3.)

Federal Rule of Evidence 706(a) provides that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed." But

---

[3] Plaintiff also cites Federal Rule of Criminal Procedure 28 (*see* docket no. 32 at 2), which is not applicable in this civil proceeding.

"the use of court-appointed experts is relatively infrequent and most judges 'view the appointment of an expert as an extraordinary activity that is appropriate only in rare circumstances.'" *Mikko v. Smock*, No. 10-12845, 2012 WL 8963806, at *1 (E.D. Mich. Sept. 6, 2012) (quoting *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *4 (E.D. Mich. Dec. 23, 2003)). Moreover, Rule 706 allows the court to appoint an expert to aid the court, not to aid a litigant. "Although the court has the ability to grant such relief, it requires a strong showing both that plaintiff's case is meritorious and that the appointment of a Rule 706 expert is necessary to aid the court." *Baker v. Cnty. of Missaukee*, No. 09-01059, 2011 WL 4477154, at *4 (W.D. Mich. Sept. 26, 2011) (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

Plaintiff has failed to make the requisite showing that his case is meritorious or that the appointment of a Rule 706 expert is necessary to aid the Court. At best, Plaintiff has shown that the appointment of an expert witness may aid Plaintiff in his case against Defendants, although even that is unclear. Therefore, the Court will deny Plaintiff's Motion for the Court to Appoint Expert Witnesses.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery [24] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to provide complete answers to Defendants' Interrogatory Nos. 7 and 8 **by May 8, 2017**. Defendants' request for costs and attorney fees is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Appoint Expert Witnesses [32] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 4, 2017            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: April 4, 2017             s/ Lisa C. Bartlett
                                 Case Manager