# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bobby Deandre Davis-Bey,

           Plaintiff,        Case No. 16-cv-11707

v.                                    Judith E. Levy
                                    United States District Judge
City of Warren, Jay Allor, and
Mirek Skomski,                    Mag. Judge Mona K. Majzoub

           Defendants.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [35]

This is a civil rights case. On October 13, 2016, plaintiff filed a motion seeking to dismiss a pending state-court criminal matter and have it removed to federal court. (Dkt. 18.) On October 27, 2016, defendants filed a motion to strike or deny plaintiff's motion. (Dkt. 20.) On April 4, 2017, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation that the Court deny plaintiff's motion to dismiss and deny defendants' motion to strike or deny as moot. (Dkt. 35.) Plaintiff received the Report and Recommendation on April 18, 2017, and timely filed his objections on April 28, 2017. (Dkt. 41.)

Plaintiff's motion sought to have this Court dismiss the criminal matter pending in Michigan state court arising from the events underlying his federal civil rights action, or remove the action to federal court. Magistrate Judge Majzoub determined that the grounds for removal asserted by plaintiff were either inapplicable, because they related to civil actions, or improper, because they did not permit removal in this instance. (Dkt. 35 at 3.) In particular, Magistrate Judge Majzoub determined that 28 U.S.C. § 1443, permitting removal of criminal prosecutions from state court when a person cannot enforce his or her civil rights in that court, could not support removal here. (*Id.* at 3-4.)

The Report and Recommendation advised that plaintiff's criminal prosecution was not removable under § 1443 because plaintiff failed to provide evidence that he could not vindicate his rights in state court, and because it was procedurally improper to consolidate a state criminal prosecution with a federal civil rights case. (*Id.* at 4.) The Report and Recommendation also recommended denial plaintiff's requests for other injunctive relief, as those requests were not in his complaint and he provided no authority for the relief in his motion. (*Id.*) Ultimately, the Report and Recommendation recommended denial of plaintiff's motion to

dismiss on substantive grounds and denial of defendants' motion to strike as moot.

Plaintiff raises three objections to the Report and Recommendation. The first objection states that this case raises a question of federal law, and cites a variety of amendments to the United States Constitution as well as the Declaration of Human Rights and Michigan's Statute of Frauds. It is unclear what part of the Report and Recommendation this objection addresses, and it is therefore denied.

The second objection states that the notice Warren sent to plaintiff regarding his state-court criminal case contained a section marked "Civil Default Entry," which plaintiff contends would make the case removable under 28 U.S.C. § 1404. That statute permits a district court to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). However, the notice, sent by the criminal division of the State of Michigan's 37th District Court, is a notice to appear for a hearing in the criminal matter. (Dkt. 41 at 7.) There is a separate box for a Civil Default Entry if one is to be entered, but no civil default is noted.

First, the form plaintiff provides is a multipurpose form used by Michigan courts for general notices that a person is required to appear in court. It clearly states that plaintiff was required to appear for a hearing in the criminal division of the 37th District Court. The Civil Default Entry section of the notice is not checked, and if it were, it would still not change the fact that plaintiff was asked to appear for a criminal hearing.

Second, the federal venue statute plaintiff cites only permits transfer of a case to a federal district where it might have been brought. Plaintiff cites no authority for the argument that his state-court criminal case could have been brought in federal court. Accordingly, this objection is denied.

The third objection states that plaintiff believes his arrest was based on his failure to follow unlawful commands. This is the basis of plaintiff's underlying civil claims in this lawsuit, but not a basis for the Court to exercise jurisdiction over his state-court criminal case. This objection is also denied.

For the reasons set forth above, it is hereby ordered that:

The Magistrate Judge's Report and Recommendation (Dkt. 35) is ADOPTED;

Plaintiff's motion to dismiss (Dkt. 18) is DENIED; and

Defendants' motion to strike (Dkt. 20) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: May 4, 2017  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2017.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager