**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOBBY DEANDRE DAVIS-BEY,

    Plaintiff,                CIVIL ACTION NO. 16-cv-11707

    v.                         DISTRICT JUDGE JUDITH E. LEVY

CITY OF WARREN, JAY ALLOR,     MAGISTRATE JUDGE MONA K. MAJZOUB
and MIREK SKOMSKI,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL [52, 56],
DENYING PLAINTIFF'S MOTION FOR THE COURT TO APPOINT COUNSEL [51],
AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
TO STRIKE AND FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF [64]**

      Plaintiff Bobby DeAndre Davis-Bey filed this *pro se* civil rights complaint against the City of Warren and two City of Warren police officers, Mirek Skomski and Jay Allor, on May 12, 2016. (Docket no. 1.) Plaintiff claims that on March 26, 2016, he was "falsely arrested and imprisoned for video[taping] Police Behavior," and that Defendants are liable under 42 U.S.C. § 1983. (*Id.* at 4.) Before the Court are Plaintiff's Motion to Compel Discovery (docket no. 52), Plaintiff's Motion to Compel Defendants to Answer Second Set of Interrogatories and Provide Deposition and Trial Transcripts (docket no. 56), Plaintiff's Amended Motion for Appointment of Counsel (docket no. 51), and Defendants' Motion to Strike and/or for Leave to File Supplemental Reply Brief (docket no. 64).

      This action has been referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 12.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I. BACKGROUND

On March 26, 2016, Plaintiff was arrested and charged with disorderly conduct and disobeying a lawful command, outside of a business in Warren, Michigan. (Docket no. 22 at 24.) He filed the instant civil rights complaint on May 12, 2016. (Docket no. 1.) He seeks $500,000 in "compensatory damages" from each of the Defendants. (*Id.* at 2.) He also asks the Court to "enlist all of my substantive rights and constitutionally secured rights are not violated, breached or abridged. Due Process as protected by the 1st, 4th, 5th, 9th, United Nations Declaration of Human Rights, Human Trafficking, False Arrest and Imprisonment," and that "All city officials be informed of the law of the land and their obligation to uphold their Oath of Office." (*Id.*)

## II. GOVERNING LAW

### A. Plaintiff's Motion to Compel Discovery [52] and Motion to Compel Defendants to Answer Second Set of Interrogatories and Provide Deposition and Trial Transcripts [56]

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id*. "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto*

*Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion. E. D. Mich. LR 37.2.

### B. Plaintiff's Amended Motion for Appointment of Counsel [51]

Appointment of counsel for persons proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). As the Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'")).

### C. Defendants' Motion to Strike and/or for Leave to File Supplemental Reply [64]

A party must obtain leave of court to file more than one response to a motion for summary judgment. E. D. Mich. LR 7.1(c)(3). This Court has discretionary authority to strike improper filings. *See e.g. Wimberly v. Clark Controller Co.*, 364 F.2d 225 (6th Cir. 1966).

## III. ANALYSIS

### A. Plaintiff's Motion to Compel Discovery [52] and Motion to Compel Defendants to Answer Second Set of Interrogatories and Provide Deposition and Trial Transcripts [56]

On May 25, 2017, Plaintiff filed a Motion to Compel Discovery. (Docket no. 52.) Plaintiff requests the Court to compel Defendants to respond to "Plaintiff's first set of Interrogatories" and to "provide Plaintiff with the information he asked for concerning Warren's Police Policy and Procedure." (*Id.* at 1.) In the body of the motion, Plaintiff sets out seven discovery requests to which Defendants purportedly failed to respond. (*Id.* at 1-2.)

On June 7, 2017, Plaintiff filed his Motion to Compel Defendants to Answer Second Set of Interrogatories and Provide Deposition and Trial Transcripts. (Docket no. 56.) Plaintiff asks the Court to compel Defendants to produce complete copies of (1) his February 3, 2017

4

deposition, and (2) the transcript of his criminal trial—excerpts of which Defendants attached as exhibits in support of their motion for summary judgment. (*Id.* at 1-2.) In addition, Plaintiff appends an unsigned and undated document titled "Second Set of Interrogatories" containing twenty four interrogatories to Defendants. (*Id.* at 3-5.)

In response, Defendants assert that "all discovery served by the Plaintiff in this matter was answered with a response or an objection." (Docket no. 54, p. 4.) In particular, Defendants submit that "Plaintiff served six (6) sets of discovery in this matter, all in October 2016" and that Defendants responded fully to Plaintiff's "First Set Of Interrogatories For The City Of Warren Police Department And Production Of Documents" as well as "Plaintiff's First Set of Requests for Production of Documents and Tangible Things to Defendants" and that Defendants objected to any additional requests as exceeding the twenty-five interrogatory limit set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure. (*Id.* at 6.) Defendants additionally contend that Plaintiff's discovery motions were filed beyond the April 14, 2017 discovery-motion deadline set by the Court (*see* docket no. 17), and that Plaintiff failed to attach a copy of the "actual discovery document which is the subject of the motion" as required by Rule 37.2 of the Local Rules of the United States District Court for the Eastern District of Michigan. (*Id.* at 4.)

With respect to Plaintiff's second motion to compel, Defendants reassert the above-mentioned procedural objections, and further contend that Plaintiff served the Second Set of Interrogatories beyond the March 31, 2017 discovery deadline (*see* docket no. 17). However, Defendants agreed to provide Plaintiff with a copy of the requested pages from his deposition and the transcript of his criminal trial. (Docket no. 59, pp. 4-5.)

As Defendants observe, Plaintiff filed the present discovery motions beyond the discovery-motion deadline in the Court's scheduling order. (S*ee* docket no. 17.) The motions to

compel are subject to denial on this basis. However, the more significant issue is Plaintiff's failure to comply with Rule 37.2 of the Local Rules of the United States District Court for the Eastern District of Michigan, which requires a party seeking to compel discovery responses to "include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." Rule 37.2 is not merely a technicality. The Court cannot address a motion to compel without knowing: (1) the date on which the requests were served, (2) that the requests were served on the proper person(s), (3) the exact language of the requests, and (4) the opponent's responses and objections to the requests. Without any documentation showing that Defendants failed to respond to properly served discovery requests, the Court must deny Plaintiff's discovery motions.

B. **Plaintiff's Amended Motion for Appointment of Counsel [51]**

Plaintiff filed a renewed/amended request for appointment of counsel. (Docket no. 51.) The Court denied Plaintiff's original request to appoint counsel (docket no. 39), reasoning that "Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process." (Docket no. 49.) In his amended request, Plaintiff asserts that "there are complexities within his case because his case deals with National Issues that have never been brought before the court [dealing] with Nationality & Birthright of a Moorish American, which are guaranteed by the First Amendment."

Plaintiff is a paralegal (*see* docket no. 43-5, p. 38.), and has demonstrated an ability to represent himself in this matter, including with respect to complex legal matters. Accordingly, with due consideration of Plaintiff's renewed motion, including the nature of the case, its complexity, and the Plaintiff's ability to prosecute his claim, this Court is of the opinion that counsel is not necessary at this time to ensure that Plaintiff's claims are fairly heard.

### C. Defendants' Motion to Strike and/or for Leave to File Supplemental Reply [64]

Defendants request the Court to strike Plaintiff's "second response" (docket no. 61) to Defendants' motion for summary judgment. (Docket no. 64.) Defendants submit that Plaintiff filed the second response in violation of Eastern District of Michigan Local Rule 7.1(c)(3), which provides that a party must obtain leave of court to file more than one response to a motion for summary judgment. Defendants additionally note that Plaintiff's second response was filed on June 26, 2017, which is beyond the June 22, 2017 date that this Court set for Plaintiff to respond to Defendants' motion for summary judgment. (*See* docket no. 46.)

Although Defendants correctly observe that Plaintiff's second response (docket no. 61) was filed in violation of Local Rule 7.1(c)(3) and this Court's scheduling order (docket no. 46), striking Plaintiff's response would not be a proportional remedy under the circumstances. The Court notes that Plaintiff was incarcerated when he filed his first responsive brief (s*ee* docket no. 50) and that it is likely that he had yet to receive the Court's order granting him additional time to respond to Defendants' motion for summary judgment. (*Compare* docket no. 46 *with* docket no. 50, both of which are dated May 4, 2017.)

For these reasons, the Court denies Defendant's request to strike Plaintiff's second response. However, in order to avoid any prejudice to Defendants, the Court will grant Defendants' request for leave to file a second reply brief in support of their motion for summary judgment. Defendants will file any such brief not later than January 5, 2018. With the intervening holidays, this window is somewhat shorter than the 14-day window provided by Local Rule 7.1(e)(1); however, Defendants appear to be prepared to submit this brief in short order.

7

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery [52] and Motion to Compel Defendants to Answer Second Set of Interrogatories and Provide Deposition and Trial Transcripts [56] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Appointment of Counsel [51] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike and/or for Leave to File Supplemental Reply Brief [64] is **GRANTED IN PART** and **DENIED IN PART**. The Court will not strike Plaintiff's second response, but Defendants may file a supplemental reply brief, which must be filed not later than January 5, 2018.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: December 21, 2017         **s/ Mona K. Majzoub**
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated: December 21, 2017         s/ Leanne Hosking
                                 Case Manager